UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE E. CARTER,

    Plaintiff,

v.                                                       Hon. Hala Y. Jarbou

WESTSHORE ENGINEERING AND         Case No. 1:23-cv-890
SURVEYING, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Ronnie E. Carter, proceeding pro se, filed his complaint in this case on August 22, 2023, against Defendants Westshore Engineering and Surveying (Westshore), Scott and Jayline Tucker, d/b/a H&M Demolition (Tuckers/H&M), the Environmental Protection Agency (EPA), and the Michigan Department of Environmental Quality (MDEQ). (ECF No. 1.) Carter seeks damages for injuries he sustained almost 30 years ago—on June 27, 1995—due to an accidental release of toxic chemicals that occurred during the cleanup/remediation of the Star Watch Case site in Ludington, Michigan.[1] Carter was working for H & M Demolition as a contractor when he sustained the injury. (*Id.* at PageID.3.) Westshore performed the site engineering and was responsible for all testing of the water, soil, and air at the site. (*Id.* at PageID.6.)

This is not the first action Carter has filed in this Court arising out of the June 27, 1995 injury. Between June 27, 2002, and November 9. 2021, he filed eight separate actions, all against

---

[1] Although Carter does not include the date of the incident in his complaint, he has previously stated the date in other actions he has filed in this Court. *See Carter v. H&M Demolition Cos., et al.*, No. 4:03-cv-10, ECF No. 1 at PageID.1.

the Tuckers/H&M, most against the MDEQ, and several against Westshore and the EPA.[2] Most of these cases were dismissed without prejudice for lack of subject matter jurisdiction. Because subject matter jurisdiction is also lacking here, I recommend that the Court dismiss this action without prejudice. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

As with his past cases, Carter alleges that diversity jurisdiction exists. (*Id.* at PageID.9.) However, Carter fails to allege that the parties are diverse. In fact, he alleges nothing in his complaint about Defendants' citizenships.

Once again, Carter also seeks to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. Consistent with his previously-dismissed cases, he merely cites a provision of the Comprehensive Environmental Response Compensation and Liability Act of 1980 and mentions the Occupational Safety and Health Act of 1970, as well as his rights not to be deprived of his life, liberty, or property without due process of law and to be afforded equal protection of the laws under the Fourteenth Amendment to the United States Constitution. (*Id.* at PageID.9.) Carter also claims that this Court has jurisdiction because "Federal courts derive jurisdiction through the Commerce Clause [and] regulate commerce," and the project on which he was injured was a commercial project that was federally funded. (*Id.* at PageID.9–10.)

---

[2] *Carter v. H&M Demolition Cos., et al.*, No. 4:02-cv-127; *Carter v. H&M Demolition Cos., et al.*, No. 4:03-cv-10; *Carter v. H&M Demolition Cos., et al.*, No. 4:04-cv-77; *Carter v. H&M Demolition Cos., et al.*, No. 4:04-cv-90; *Carter v. H&M Demolition Cos., et al.*, No. 1:16-cv323; *Carter v. City of Ludington, et al.*, No. 1:19-cv-1011; *Carter v. Westshore Eng'g & Surveying, et al.*, No. 1:23-cv-890; and *Carter v. Westshore Eng'g & Surveying, et al.*, No. 1:21-cv955.

As I wrote in my August 23, 2021 Order to Show Cause in Case No. 1:21-cv-562, "[a]lmost twenty years ago, Judge Richard Enslen of this Court informed Plaintiff that his claim for injuries was one for personal injury that arose under state, not federal law." Case No. 1:21-cv-562, ECF No. 20 at PageID.562. Ignoring Judge Enslen's well-reasoned observation, Carter has persisted in filing case after case in this Court that has been dismissed because federal question jurisdiction does not exist. This Court reaffirmed Judge Enslen's previous conclusion when it adopted my September 8, 2021 Report and Recommendation in Case No. 1:21-cv-562 that Carter's action did not arise under federal law or present a substantial federal question. *Id.*, ECF Nos. 26, 30. More recently, in Case No. 1:21-cv-955, Judge Jonker concluded that the federal statutes Carter recited and his references to equal protection under the Fourteenth Amendment did not raise a substantial federal question.[3] Case No. 1:21-cv-955, ECF No. 20 at PageID.116. Nothing in Carter's instant complaint differs from those cases or the others that have previously been dismissed for lack of subject matter jurisdiction.

Accordingly, for the foregoing reasons, I recommend that the Court dismiss this action without prejudice for lack of subject matter jurisdiction.

Date:  August 30, 2023                                        /s/ Sally J. Berens

                                                                            SALLY J. BERENS
                                                                            U.S. Magistrate Judge

---

[3] Carter fails to establish jurisdiction in another respect concerning his claims against the EPA. "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted). Carter fails to allege a clear waiver of sovereign immunity by the United States for the type of claim he asserts against the EPA.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).